# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:08CV430

| | |
|---|---|
| IN RE: )<br>EVERETT ANEILLO McCOLLUM and )<br>BARBARA PHILLIPPE McCOLLUM, )<br>)<br>Debtors. )<br>)<br>)<br>EVERETT ANEILLO McCOLLUM, )<br>)<br>Appellant, )<br>)<br>Vs. )<br>)<br>TERESA P. VEA, )<br>)<br>Appellee. )<br>) | **MEMORANDUM AND<br>O R D E R** |

**THIS MATTER** is before the Court on appeal from an order entered by the Bankruptcy Court for the Western District of North Carolina. For the reasons set out below, the order is affirmed and the appeal is dismissed.

## I. BACKGROUND

On February 29, 2008, Appellant Everett Aneillo McCollum filed a voluntary petition for bankruptcy protection under Chapter 7 of the

Bankruptcy Code. At the time the petition was filed, a case was pending in a North Carolina state court between Appellant and his former spouse, Appellee Teresa Vea, to enforce the terms of a separation agreement entered into by McCollum and Vea on January 27, 2003. *See* **Order Granting Relief From the Automatic Stay, filed May 9, 2008, ¶ 1**; **Exhibit 5, Contract of Separation and Property Settlement Agreement ("Separation Agreement")** *attached to* **Record on Appeal.**[1] The separation agreement provided for the disposition of certain real property then owned by these parties whereby McCollum agreed to convey his interest in the real property located at 307 Old Hickory Road, Locust, North Carolina, to Vea:

> subject to the existing note and deed of trust in favor of First Charter Bank encumbering the property, the balance of which [Vea] assumes and agrees to pay. It is specifically agreed between the parties, that [McCollum] will be responsible for the home equity loan to First Charter National Bank as set forth in this agreement.

**Separation Agreement, Art. II, § 2.1(A)(1) ("Real Property") (hereinafter "the Debt")).**

---

[1] In an effort to examine the factual findings of the Bankruptcy Court and recount a history of this case, citations will be made to the Bankruptcy Docket, the District Court docket, to the Record on Appeal as supplied by Appellant, and to the parties' respective briefs.

In an order lifting the temporary stay of the state court proceeding, the Bankruptcy Court found that the issues raised in the state case "relate to the enforcement of a Domestic Support Obligation and obligations contained in a Separation Agreement between the parties" and ordered that the state action could proceed on that issue.  **Order Granting Relief from the Automatic Stay, filed May 9, 2008, at 1.**  However, the state court action was later postponed for a determination of whether the agreement to pay the home equity loan (the Debt) was in fact non-dischargeable as a Domestic Support Obligation under the Bankruptcy Code.  *See* **Ex Parte Motion to Re-Open a Case under § 350(b) to Allow to Determine Dischargeability of a Specific Debt, filed August 4, 2008.**  Following a hearing, the Bankruptcy Court denied the motion, finding that Appellant's "obligation to pay First Charter Equity Line under the terms if his Separation Agreement with Teresa Vea is non-dischargeable under the terms of 11 U.S.C. Section 523(a)(5)."  **Order Denying Motion to Determine Dischargeability, filed August 27, 2008, at 1-2.**  From this

order, Appellant takes his appeal. **Notice of Appeal to District Court, filed September 8, 2008.**[2]

## II. STANDARD OF REVIEW

On appeal the district court reviews the bankruptcy court's conclusions of law *de novo*. The bankruptcy court's findings of fact are set aside only if it appears they are clearly erroneous. **Fed. R. Bankr. P. 8013;** *Deutchman v. IRS*, **192 F.3d 457, 459 (4th Cir. 1999).**

---

[2] Appellant's notice of appeal was first filed with the Bankruptcy Court and then filed with this Court on September 12, 2008. On October 15, 2008, the Court entered an order requiring Appellant to show cause for his failure to comply with Fed. R. Bankr. P. 8006 (requiring appellant to file a designation of items to be included in the record on appeal within 10 days of filing the notice of appeal). After counsel responded to the show cause order, the Court allowed the late filing, noting that "counsel's unwarranted delays will only serve to harm an innocent client." **Order, filed October 27, 2008.** Although Appellant filed a designation of items to be included in the record on appeal which included a transcript of the August 20, 2008, hearing, no transcript has been filed. In addition, Appellant did not provide a copy of the separation agreement until March 5, 2009. Counsel is warned that future delays of this magnitude and for such unexplained reasons could subject him to possible sanctions, including summary dismissal.

## III. DISCUSSION

Appellant notes two issues on appeal: (A) Did Appellee meet her burden of proof to obtain an Exception to Discharge; and (B) Did "the Court's presumably non-rebuttable presumption that mortgage payment debts are deemed to be spousal support" deny the Appellant due process. **Brief of Appellant, filed January 26, 2009, at 2.**

### A. Burden of Proof on Exception to Discharge

In the motion to determine the dischargeability, Appellant contends the Debt "is not a Domestic Support Obligation as defined by 11 U.S.C. § 101(14A) and therefore not recoverable under 11 U.S.C. § 523(a)(5)." **Motion to Determine Dischargeability of Debt, ¶ 5.** During the hearing before the Bankruptcy Court, Appellant submitted a copy of the Separation Agreement into evidence. The Bankruptcy Court examined the agreement and concluded "that because the debt is a mortgage payment it is deemed to be support, and constitutes a domestic support obligation within the meaning of 11 U.S.C. § 101(14A) and thus excepted under 11 U.S.C. § 523(a)(5)." **Order Denying Motion to Determine Dischargeability,** *supra***, ¶ 2.**

The parties agree that the applicable standard of proof in determining whether a claim is dischargeable is by a preponderance of the evidence. ***Grogan v. Garner*, 498 U.S. 279, 287 (1991); *see also*, Appellant's Brief, *supra*, at 5; Appellee's Brief, filed February 11, 2009, at 2.** Appellant argues that Vea "failed to attend the hearing to determine dischargeability of the debt . . and no evidence was put forth by her attorney." **Appellant's Brief, *supra*, at 6**. This argument is without merit. It is clear the Bankruptcy Court considered the separation agreement in deciding that the Debt was not dischargeable based on the parties' agreement and as a matter of law; it is of no consequence Vea was not present at the hearing or that she submitted no evidence. The Court finds that the Bankruptcy Court's findings of fact interpreting the separation agreement are not clearly erroneous and that the Appellee successfully carried the burden of proof by a preponderance of the evidence.

The Court determines that the Bankruptcy Court's conclusion of law is not in error. **See *In the Matter of Braun*, 2008 Bankr. LEXIS 1666 (Bankr. D. Neb., May 15, 2008)**. In *Braun*, the Bankruptcy Court examined a situation similar to this one and concluded that:

> In order to prevail on her assertion that Debtor's obligation to pay the .... mortgage is a domestic support obligation, Ms. Braun must show that the debt is (1) owed to or recoverable by her; (2) in the nature of alimony, maintenance or support; and (3) established or subject pre- or post-petition by reason of a separation agreement, divorce decree, property settlement agreement, or court order.

*Id*. at \*5 (citing *Deemer v. Deemer (In re Deemer)*, 360 B.R. 278, 281 (Bankr. N.D. Iowa 2007).

After reviewing the separation agreement, the Court finds that the Bankruptcy Court's conclusion that the Debt is nondischargeable is not in error.

B.   **Non-Rebuttable Presumption**

Appellant contends the Bankruptcy Court "made no finding of intent of the parties nor did it make any indication that the finding was based on the intent of the parties." **Brief of Appellant, at 7-8**.  This argument is without merit.  The Bankruptcy Court's August 27 Order makes clear that the language of the separation agreement was carefully examined before it concluded the Debt was nondischargeable.

In reviewing the separation agreement, the intent of the parties appears clear.  Section 5.13 ("Effect of Bankruptcy") of the agreement

provides that if the Appellant "shall seek a discharge in bankruptcy from claims of creditors . . (c) the [Appellant] shall not request the Bankruptcy Court to discharge the claims of the [Appellant] pursuant to this Agreement." **Separation Agreement, § 5.13.**

In an apparent attempt to escape the clear language of the agreement, Appellant contends he was not represented by counsel at the time the separation agreement was drafted. **Appellant's Brief,** *supra***, at 10**. This argument is unavailing. From a review of the record in this matter, the Court finds Appellant was afforded a full and fair opportunity to litigate his motion before the Bankruptcy Court. Accordingly, Appellant's argument that he was denied due process is overruled.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Order of the Bankruptcy Court entered August 27, 2008, denying Appellant's motion to determine dischargeability is **AFFIRMED,** and the appeal is hereby **DISMISSED**.

Signed: April 15, 2009

Lacy H. Thornburg
United States District Judge